# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHI Q. DU,

                     :

         Petitioner,                   Case No. 3:13-cv-121

                     :        District Judge Walter Herbert Rice

     -vs-                      Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,
 Lebanon Correctional Institution,

                     :

         Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus pursuant is before the Court on Petitioner's Objections (Doc. No. 4) to the Magistrate Judge's Report and Recommendations recommending dismissal with prejudice (Doc. No. 3). Judge Rice has recommitted the case for reconsideration in light of the Objections (Doc. No. 5). Because the Report was made upon initial review under Habeas Rule 4, Respondent has not been served and has had no occasion to respond to the Objections.

### Ground One: Admission of Prejudicial Evidence

Petitioner Chi Q. Du was indicted for the simultaneous murderous attacks on Thuy Mai and Eric Borton on October 28, 1997, at Wright State University. *State v. Du*, 2011 Ohio 6306, 2011 Ohio App. LEXIS 5191, ¶ 3 (2nd Dist. 2011). Du was Ms. Mai's former boyfriend; Borton became her boyfriend after she terminated her relationship with Du, much against Du's wishes. Without objection by Du, these charges were set for trial together.

On the morning of trial, Du pled guilty for his attack on Ms. Mai, then attempted unsuccessfully to exclude evidence regarding that attack from admission in the trial for the attack on Borton.  In his First Ground for Relief, Du claims the admission of crime scene photos and testimony about the injuries to Mai deprived him of due process and a fair trial (Petition, Doc. No. 1, PageID 5).

This claim was raised as the Third Assignment of Error on direct appeal.  In rejecting it, the court of appeals wrote in part:

> Evidence regarding the nature and extent of Mai's injuries was admissible for at least two reasons. First, it was relevant for the State to establish Du's murderous intent when he stabbed Borton. Indeed, Du's intent when he attacked Mai was indicative of his intent when he stabbed Borton because the two incidents occurred almost simultaneously. We hesitate to characterize the attack on Mai as other "crimes, wrongs or acts" evidence as included in Evid. R. 404(B) because the attack on Mai is a cohesive part of the same event. However, 404(B) is at least instructive to indicate that other acts evidence of one's "motive,* * * intent, * * * [and] plan" may be admitted to prove those components when relevant. The vicious nature of the attack on Mai, as shown through the disputed evidence, was relevant to prove motive and intent. Second, as noted above, evidence regarding the nature and extent of Mai's injuries was relevant to the issue of prior calculation and design. The fact that Du violently attacked Mai in Borton's presence, despite knowing that Borton was willing to die for her, supports an inference that the jury could draw that the attack on Mai was calculated to result in Borton's death as well. The trial court did not act unreasonably or arbitrarily in finding that the probative value of the disputed evidence was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. The third assignment of error is overruled.

*State v. Du*, 2011 Ohio 6306, ¶ 22, 2011 Ohio App. LEXIS 5191 at *13-15 (2nd Dist. 2011).

Because the state court of appeals[1] decided this issue on the merits, this habeas corpus court must defer to that decision unless it is is contrary to or an objectively unreasonable

---

[1] The Ohio Supreme Court declined further review in a form entry.  *State v. Du*, 131 Ohio St. 3d 1510 (2012).  The court of appeals' decision is therefore the last reasoned state court decision.

application of clearly established precedent of the United States Supreme Court.  28 U.S.C. §

2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,*

544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,*

529 U.S. 362, 379 (2000).  Based on this controlling precedent, the Magistrate Judge

recommended dismissal of Ground One (Report, Doc. No. 3, PageID 365-366).

Petitioner objects.  While conceding the general principle that errors in administering

state evidentiary rules do not usually rise to the level of due process violations, he asserts these

do (Objections, Doc. No. 4, PageID 379-388).  He provides, however, no clearly established

Supreme Court precedent remotely in point.  For example, he cites *Estelle v. Williams*, 525 U.S.

501 (1976), for the general principle that "The right to a fair trial is a fundamental liberty secured

by the Fourteenth Amendment."  (Objections, Doc. No. 4, PageID 388).  But the holding of that

case is that a state court may not compel a defendant to stand trial in prison clothes over his

objection; the case has nothing to do with admission of evidence of injuries to a co-victim in a

common attack.

Similarly, he cites *Lisenba v. California*, 314 U.S. 219 (1941), for the general proposition

that "[t]he aim of the requirement of due process . . . is to prevent fundamental unfairness in the

use of evidence whether true or false."  (Objections, Doc. No. 4, quoting *Lisenba* at 236.)  The

holding of the case is on the voluntariness of confessions, not admission of evidence from

another part of the criminal occurrence in trial.

In determining whether a state court decision is contrary to or an unreasonable

application of clearly established Supreme Court precedent, a federal court may look only to the

holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant

state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *Williams v. Taylor*, 529 U.S.

3

362 at 412 (2000).  Petitioner has pointed to no holdings of the Supreme Court which were unreasonably applied by the Second District Court of Appeals in deciding this issue.

## Ground Two:  Insufficient Evidence

In his Second Ground for Relief, Du asserts that the evidence introduced against him at trial is insufficient to sustain a conviction on the element of prior calculation and design.  As with the First Ground for Relief, the Report concluded that the Second District Court of Appeals had decided this issue on the merits and that its decision was not an objectively unreasonable application of the relevant Supreme Court holding in *Jackson v. Virginia*, 443 U.S. 307 (1979)(Report, Doc. No. 3, PageID 376).

The Objections criticize the Report on this Ground for Relief "predominantly because the issues raised as to the lack of evidence and standards regarding prior calculation and design are essentially not even addressed by the Magistrate Judge. . . .  Rather there is almost a complete reliance upon and deference given to the state court decision. "  (Objections, Doc. No. 4, PageID 390).

Du does not dispute that the issue of legal sufficiency of the evidence was raised in his First Assignment of Error and decided on the merits by the Second District Court of Appeals. That court recited at length the evidence from the trial transcript on which it relied to find sufficiency.  *State v. Du*, 2011 Ohio 6306, 2011 Ohio App. LEXIS 5191, ¶¶ 8-19 (2nd Dist. 2011)(quoted in full at Report, Doc. No. 3, PageID 371-376).  In his Objections, Du does not reargue this claim, but instead insists his original arguments in the Petition did not receive the analysis they are due.

4

As Supporting Facts on Ground Two, Petitioner asserted:

> Petitioner was charged with attempted aggravated murder. The evidence presented against Petitioner consisgted [sic] of evidence that given State and Federal auithority [sic]does not rise to the level of attempted aggravated murder. The alleged victim and petitioner did not have any history of violence or abuse. The Petitioner and alleged victim did not have any prior physical altercations. Petitioner did not attack alleged victim, but in fact the evidence demonstrated that the alleged victim rushed the Petitioner who had made no aggressive moves towards the alleged victim. The photographs referenced in Ground One were the basis of the conviction given the prejudice to the jury; instead of valid evidence of actual guilt. **The trial court thereby made an unreasonable determination of the facts in light of the evidence** in violation of Petitioner's Due Process rights.

(Petition, Doc. No. 1, PageID 7, emphasis added.[2])  The substance of the argument on  this Ground for Relief is that the Second District Court of Appeals was wrong on what Ohio law requires to show prior calculation and design (Petition, Doc. No. 1, PageID 44-59).

In deciding a sufficiency of the evidence claim in habeas, it is state law which defines the elements of the crime, but federal law which determines whether enough evidence was presented to support that element. *In re Winship*, 397 U.S. 358, 364 (1970).  When a habeas court reviews a state court decision on the sufficiency of the evidence, it must give double deference to that decision. *Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference must be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).  The Supreme Court reiterated this standard just last term:

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of

---

[2] The emphasized language suggests the trial court made findings of fact which are in issue, but the case was tried to a jury, not to the bench.

judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett,* 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam).*

Petitioner structures his argument on this Ground for Relief as if this Court were supposed to engage in *de novo* review of what the jury found, but that would be contrary to the law just cited.  Du's Petition cites evidence from the trial transcript at length (Petition, Doc. No. 1, PageID 56-59) as if he were making a *de novo* argument, but he offers no analysis of how the court of appeals' decision, based on the same facts, is an objectively unreasonable application of *Jackson v. Virginia.*

In fact, the only place in the fifteen-page argument in the Petition on this Ground for Relief where the court of appeals' decision is mentioned is at PageID 51 as follows:

> The Court of Appeals found that Mr. Du followed Borton and the female to the parking lot and counsel would simply indicate that based upon the transcript in this case that this Court will see that those were not the facts elicited entirely at trial as is contended in the transcript. It is submitted that this fact is essential to a fair determination of this case and the reliance by the Court of Appeals on this fact warrants consideration by this Court.

*Id.*. The referenced finding is in ¶ 11 of the appellate opinion:

> **[\*P11]** Between 7:00 p.m. and 9:00 p.m. that evening, another Wright State student, Bichnhu Nguyen, was studying in the school library. Du approached her and asked where Borton and Mai were.

(Id. at 180). Du appeared "agitated" and "anxious to find them."
(Id.). Shortly thereafter, Nguyen called Borton and told him about
her encounter with Du. (Id. at 181). Later that night, sometime
after 11:00 p.m., Borton and Mai returned to Wright State so Mai
could retrieve a jacket. (Id. at 291). While they were at the school,
Du arrived and found them. (Id. at 292). As he had previously, Du
began pleading with Mai to return to him. During the encounter,
Du mentioned having been to Borton's apartment looking for them.
(Id.). Borton and Mai proceeded to leave the building and head
toward Borton's car. (Id. at 300-302**). Du followed them to the
parking lot.** At some point, Borton got ahead of Du and Mai. He
then heard Mai scream. (Id. at 303).

*State v. Du, supra* (emphasis supplied).  The transcript pages referenced by the court of appeals

are reproduced in the record at PageID 143-144.  The prosecutor is examining Mr. Borton on a

photo or video depiction of two relevant places at Wright State University involved in the crime.

The depictions at trial in 2002 are somewhat different from what the places looked like in 1997

when the crime occurred because the Wright State campus had changed in the meantime[3].  The

court of appeals' summary of the relevant testimony as "Due followed them to the parking lot" is

completely accurate, albeit not a verbatim repetition of the testimony.  Certainly it is not an

unreasonable determination of the facts based on the evidence presented.  And it is not material.

Even if all three of them had walked out of the library together, that would not undermine the

conclusion that Du meant to kill both of them.

In sum, the standard of review on a sufficiency claim is not *de novo*.  Even if it were, in

the one instance in which Du criticizes the court of appeals' findings, the finding is clearly not

erroneous.

---

[3] The trial was delayed for fifteen years because Mr. Du fled to Canada after the crime and had to be found and then
extradited.  *State v. Du, supra,* at ¶ 3.

**Conclusion**

Having reconsidered the matter in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice, that the Petitioner be denied a certificate of appealability, and that the Court certify an appeal would not be taken in objective good faith.

June 17, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).